**Angelo David Bonsignore**
P.O. Box 442
Wells, NY 12190
Angelo_Bonsignore@me.com
(646) 552-8655



**Date 8/6/2025**

**Clerk of Court**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Supplemental Filing – Federal Removal Case No. 1:25-CV-6324**
**Angelo David Bonsignore v. Anthony Lopez, et al.**

Dear Clerk of Court,

I am submitting the enclosed **Supplemental Exhibits and Notice** for filing in the above-referenced federal removal case. These supplemental materials include additional exhibits (Z15–Z17) and related explanation pages that were not available at the time of my initial removal filing on July 29, 2025.

This filing is intended to supplement the original Notice of Removal and supporting documents already on record, and it should be docketed under the same case number, 1:25-CV-6324.

Please stamp the enclosed copies for my records and include them in the case file.

Thank you for your assistance.

Respectfully,

**Angelo David Bonsignore**
Pro Se Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Angelo David Bonsignore, Petitioner**
v.
**Anthony Lopez, Support Magistrate; Gail Roberts, Support Magistrate; Paul Ryneski, Support Magistrate; NYC Department of Social Services; New York State OTDA; New York State Department of Motor Vehicles; Conduent Inc.; New York State Department of Taxation and Finance, Respondents**

Case No.: 1:25-CV-6324

## SUPPLEMENTAL FILING – POST-REMOVAL DEVELOPMENTS

Honorable Judge,

I respectfully submit this supplemental filing to notify the Court of new developments arising after my Notice of Removal filed on July 29, 2025. These supplemental exhibits are provided for the Court's consideration in evaluating jurisdiction and relief:

- A ruling from Bronx Family Court issued after removal was filed, despite the automatic divestiture of jurisdiction under 28 U.S.C. § 1446(d).
- A letter received from the Hamilton County Clerk confirming the process regarding the child support lien placed on my property and clarifying the lack of judicial signature on record.
- Stamped proof from Bronx Family Court acknowledging receipt of my Notice of Removal and Bankruptcy filings prior to their subsequent actions.

These documents directly support my claim of continued enforcement activity in violation of federal removal and due process protections.

Respectfully submitted,
Angelo David Bonsignore, Pro Se
P.O. Box 442, Wells, NY 12190

**Exhibit Z15:** Bronx Family Court Ruling Dated July 31, 2025 (Post-Removal Trial)
A copy of the Family Court order issued after the Notice of Removal was filed, evidencing continued state proceedings despite federal jurisdiction.

File#: 231538 (F-05042-19/24C)                            4-14 (8/2010)                Page 1 of 2

F.C.A §§ 439; 460, Art. 5-B

| | At a term of the Family Court of the State of New York, held in and for the County of Bronx at Hall of Justice, 265 East 161st Street, Bronx, NY 10451, on July 30, 2025 |

**PRESENT**: Paul Ryneski, Support Magistrate

In the Matter of **an Article 4 Support (IV-D)** Proceeding

**Irlene Dos Santos** (Petitioner)

**Angelo Bonsignore** (Respondent)

File #:      231538
Docket #:  F-05042-19/24C
CSMS #:    PB25373B1

**ORDER (ENTRY OF MONEY JUDGMENT)**

**NOTICE**: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY RESULT IN COMMITMENT TO JAIL FOR A TERM NOT TO EXCEED SIX MONTHS FOR CONTEMPT OF COURT OR PROSECUTION FOR CRIMINAL NON-SUPPORT. YOUR FAILURE TO OBEY THIS ORDER MAY RESULT IN SUSPENSION OF YOUR DRIVER'S LICENSE, STATE-ISSUED PROFESSIONAL, TRADE, BUSINESS AND OCCUPATIONAL LICENSES AND RECREATIONAL AND SPORTING LICENSES AND PERMITS; AND IMPOSITION OF REAL OR PERSONAL PROPERTY LIENS.

An application was made by Irlene Dos Santos for an order directing the entry of judgment in the sum of $24,824.27, which is the amount of arrears accrued because of non-payment by Angelo Bonsignore of sums directed to be paid by an order dated August 22, 2024, of the Bronx County Family Court, together with costs and disbursements.

The last known address for Angelo Bonsignore is: 127 Ranger Road, Wells, NY 12190.

**NOW**, after examination and inquiry into the facts and circumstances of the case, and after hearing the proofs and testimony offered in relation thereto; and the default party has not shown good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of arrears.

It is therefore, hereby:

    **ADJUDGED** that Angelo Bonsignore failed to obey the Order of this Court in that Angelo Bonsignore failed to pay the sum of $24,824.27, which is the amount the Court finds to be the arrears due and owed under the Order, and that such failure was willful.

    **ADJUDGED** that Angelo Bonsignore knowingly, consciously and voluntarily disregarded the obligation under a lawful court order.

    **ORDERED** that judgment be entered in favor of Irlene Dos Santos, ** Confidential **, against Angelo Bonsignore, in the amount of $24,824.27. Interest on the judgment will be computed pursuant to CPLR § 5004 until the judgment is satisfied.

Dated: **July 30, 2025**

_____
**Paul Ryneski**

File#: 231538 (F-05042-19/24C)



4-14 (8/2010)                    Page 2 of 2

SPECIFIC WRITTEN OBJECTIONS TO THIS ORDER MAY BE FILED WITH THIS COURT WITHIN 30 DAYS OF THE DATE THE ORDER WAS RECEIVED IN COURT OR BY PERSONAL SERVICE, OR IF THE ORDER WAS RECEIVED BY MAIL, WITHIN 35 DAYS OF THE MAILING OF THE ORDER.

**Check applicable box:**
□ Order mailed on [specify date(s) and to whom mailed]: _____
□ Order received in court on [specify date(s) and to whom given]: _____

F.C.A. §§ 413, 416, 433, 438,
439, 440, 442-447, 471; Art.5-B

4-12b 12/2012

At a term of the Family Court of the
State of New York, held in and for
the County of Bronx, at Hall of
Justice, 265 East 161st Street, Bronx,
NY 10451, on July 30, 2025

**PRESENT:**   Paul Ryneski, Support Magistrate

In the Matter of a **Support** Proceeding

**Irlene Dos Santos,**

Petitioner,

- against –

**Angelo Bonsignore,** SSN: XXX-XX-0316,

Respondent.

**File #:**   231538
**Docket #:**   F-05042-19/24C

**CSMS #:**   PB25373B1

**ORDER OF DISPOSITION
(VIOLATION OF SUPPORT
ORDER)
BY DEFAULT[1]**

NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY RESULT
IN INCARCERATION FOR CRIMINAL NON-SUPPORT OR CONTEMPT.
YOUR FAILURE TO OBEY THIS ORDER MAY RESULT IN SUSPENSION OF
YOUR DRIVER'S LICENSE, STATE-ISSUED PROFESSIONAL, TRADE,
BUSINESS AND OCCUPATIONAL LICENSES AND RECREATIONAL AND
SPORTING LICENSES AND PERMITS; AND IMPOSITION OF REAL OR
PERSONAL PROPERTY LIENS.

SPECIFIC WRITTEN OBJECTIONS TO THIS ORDER MAY BE FILED WITH
THIS COURT WITHIN 30 DAYS OF THE DATE THE ORDER WAS RECEIVED
IN COURT OR BY PERSONAL SERVICE, OR IF THE ORDER WAS RECEIVED
BY MAIL, WITHIN 35 DAYS OF THE MAILING OF THE ORDER.

Irlene Dos Santos filed a petition in this Court on October 28, 2024 alleging that Angelo
Bonsignore failed to obey the order of this Court, dated August 22, 2024, directing payment of
support for:

| Name | Date of Birth | Social Security Number |
|------|---------------|------------------------|
| Brooke Wenceslau Ashley Dos Santos | January 4, 2019 | |

Angelo Bonsignore having not appeared before this Court to answer the petition and to show
cause why the relief requested in the petition should not be granted;

NOW, after examination and inquiry into the facts and circumstances of the case, and after

---

[1]If you were not in Court for the hearing, any challenge or objection to this Order may be
limited to the filing of a Motion to Vacate the Order.

hearing the proofs and testimony offered in relation thereto,

IT IS HEREBY ADJUDGED that Angelo Bonsignore failed to obey the order of this Court, and that such failure was willful;

The name, address and telephone number of Angelo Bonsignore's current employer are:

| Name | Address | Telephone |
|------|---------|-----------|
| Cookies From Brooklyn Inc. | P.O. Box 442<br>Wells, NY 12190 | (212) 695-2307 |

IT IS FURTHER ORDERED that the order of support, dated August 22, 2024, is hereby continued;

IT IS FURTHER ORDERED AND ADJUDGED that Angelo Bonsignore's arrears to Department of Social Services/OCSS as of July 28, 2025 is $2,178.23 for basic payment;

IT IS FURTHER ORDERED AND ADJUDGED that Angelo Bonsignore's arrears to Irlene Dos Santos as of July 28, 2025 is $24,824.27 for ordered support (aggregate);

IT IS FURTHER ORDERED that any additional payments payable through the Support Collection Unit shall be paid in a manner determined by the Support Collection Unit;

IT IS FURTHER ORDERED that judgment be entered in favor of Irlene Dos Santos against Angelo Bonsignore in the amount of $24,824.27, plus interest [CPLR 5004] from the date of this judgment until it is satisfied;

IT IS FURTHER ORDERED that all payments payable through the Support Collection Unit shall be made by check or money order payable to and mailed to: NYS Child Support Processing Center, PO Box 15363, Albany, NY 12212-5363. The county name and New York Case Identifier number (CSMS #PB25373B1) for the matter must be included with the payment for identification purposes;

IT IS FURTHER ORDERED that the payor, custodial party and any other individual parties immediately notify the Support Collection Unit of any changes in the following information: residential and mailing addresses, social security number, telephone number, driver's license number; and name, address and telephone numbers of the parties' employers;

Page: 3 of 3
Docket No: F-05042-19/24C
4-12b

IT IS FURTHER ORDERED that this Order shall be enforceable pursuant to Section 5241 or 5242 of the Civil Practice Law and Rules, or in any other manner provided by law.

**Dated:** July 30, 2025                    **ENTER**

_Paul Ryneski_

2025073014759PRYNESKI21A0E0CF713AAFEE0621C20F0E19724

**Paul Ryneski, Support Magistrate**

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

**Exhibit Z16:** Hamilton County Clerk Response Letter Regarding Lien (July 2025)
Official letter from Hamilton County Clerk confirming the process by which the child support lien was recorded, showing no judicial confirmation or supporting documentation was attached.

RaChelle M. Martz
County Clerk

Eileen Higgins
Deputy County Clerk



102 County View Drive, P.O. Box 204
Lake Pleasant, NY 12108

## HAMILTON COUNTY CLERK'S OFFICE

518-548-7111
518-548-9740 (fax)

July 29, 2025

Angelo Bonsignore
127 Ranger Road
PO Box 442
Wells, NY 12190

RE: FOIL Request- Lien Documentation

Mr. Bonsignore,

Please find enclosed my response to your FOIL request, presented to me on July 24th, 2025.

-A copy of the Tax Warrant/ Judgment (J2024-2011) sent by the New York State Department of Taxation and Finance, commanding us to put said Judgment on file
- A copy of the cover letter that accompanied above Tax Warrant
- A copy of Tax Law 171-i, cited on the Tax Warrant itself
-There are no internal notes/ directives regarding the processing of this Judgment

RaChelle M Martz
Hamilton County Clerk

COPY

**RE: FOIL Request – Lien Documentation**

**July 24th 2025**

Dear Clerk

Pursuant to the New York Freedom of Information Law (Public Officers Law, Article 6), I respectfully request copies of **all documents and records** related to the child support lien recorded against my property at **127 Ranger Road, Wells, NY**.

This request includes, but is not limited to:

1. **All documents received from the New York State Department of Finance (DOF) and/or New York State Office of Temporary and Disability Assistance (OTDA)/Support Collection Unit (SCU)** that were used to create or file this lien.
2. Any **abstract of judgment, warrant, lien notice, transmittal cover letters, or certifications** related to the lien.
3. Confirmation of the **signing authority** on any lien documents — specifically, whether the signature belongs to a **Family Court Judge** or Support Magistrate (per FCA § 439(e), magistrate findings cannot serve as final orders).
4. Any internal notes or directives regarding the processing of this lien.

If any of these records exist electronically, please provide them in that format. If there are fees for copying or mailing, please notify me in advance.

Please acknowledge receipt of this request within **five (5) business days** and provide responsive documents within **twenty (20) business days** or give a written explanation for any delay, including a specific estimated completion date, as required under FOIL § 89(3).

5. This request is made in connection with ongoing legal proceedings and potential claims under 42 U.S.C. § 1983 for violations of constitutional rights, and timely compliance is required to avoid further prejudice.

Thank you for your prompt attention to this matter.

Respectfully,
**Angelo David Bonsignore**
Pro Se

RECEIVED
JUL 2 4 2025

INSTR#: J2024-2011  05/13/2024  JUDGMENT  Image: 1 of 1

 **Department of Taxation and Finance**

CED - Child Support Enforcement
W A Harriman Campus, Albany NY 12227-5350

# Warrant



**Commissioner of Taxation and Finance**
against

**Judgment Creditor**

ANGELO BONSIGNORE
PO BOX 442
WELLS NY 12190-0442

**Judgment Debtor**

**Warrant ID:**
C240002948W001



**J2024-2011**
05/13 2024  02:23.44 PM
1 Pages
JUDGMENT
**FILED**
RaChelle M Martz, Hamilton County Clerk          Clerk: EH

**Last known address**

**County of Judgment:**
Hamilton

**Section of Tax Law:**
171-i

**The people of the State of New York by:** K GEDULDIG
an officer or employee of the Department of Taxation and Finance (DTF), have been notified that the above debtor has a support arrears obligation. **Whereas**, a support arrears obligation shall be deemed a judgment in favor of the Commissioner of Taxation and Finance of the **State of New York** pursuant to Tax Law Section 171-i from the debtor named, the nature and amount of which are as follows:

**CSMS ID PB25373B1 in the amount of $ 1,176.93 as of May 8, 2024**

By statute, subsequent support arrears due on the above referenced obligation are deemed part of this judgment. New York State Office of Temporary and Disability Assistance (OTDA) shall advise DTF of the updated support arrears obligation. By statute, monies collected by DTF on this judgment are paid over to OTDA and shall be applied pursuant to Federal and State law and guidelines. If there is no longer a support arrears obligation owed by the above debtor, this judgment will be satisfied.

And whereas, said obligation remains unpaid;

**Now therefore, we command you** to file a copy of this warrant, within five days after its receipt by you, with the office of the clerk of the county named above, for entry by him/her in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you**, to satisfy said claim of said **Commissioner of Taxation and Finance** for said obligation out of the real and personal property in said county belonging to said debtor and the debts due to him/her at the time when said copy of this warrant is so docketed with the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him/her shall be levied upon or sold hereunder; and return this warrant and pay the money collected to the Commissioner of Taxation and Finance of the State of New York.

**Levy and collect** total amount due shown above, plus accrued arrears and interest provided by law.

Issued
By _____  for the Commissioner
Deputy Tax Commissioner          of Taxation and Finance

TC-140.1 (10/18)          1DG0 - 1290635   O0000011 - 03

INSTR#: J2024-2011  05/13/2024  JUDGMENT  Image: 2 of 2 (MISC)

 **Department of Taxation and Finance**

CED – Child Support Enforcement
W A Harriman Campus, Albany NY 12227-5350

May 8, 2024

Transmittal ID:  E25906

## WARRANT TRANSMITTAL

HAMILTON COUNTY CLERK
PO BOX 204 - ROUTE 8
LAKE PLEASANT  NY  12108-0204

The enclosed warrants against the debtors listed below are presented for entry into your judgment docket. Please stamp this warrant transmittal with the day and time of the entry of judgment and return it to us in the enclosed postpaid envelope.

| Name | Warrant ID | Warrant amount |
|------|-----------|----------------|
| ANGELO BONSIGNORE | C240002948W001 | $      1,178.93 |
| JONATHON M ROUNDS | C240002199W001 | 2,110.00 |

# Article 8 - Department of Taxation and Finance; Commissioner of Taxation and Finance
# 171-I - Enforcement of Child Support and Combined Child and Spousal Support Arrears.

**Universal Citation:**
NY Tax L § 171-I (2024)  ◯

**Previous**                                                                      **Next**

§ 171-i. Enforcement of child support and combined child and spousal support arrears. 1. The commissioner, on behalf of the department, shall enter into a written agreement with the commissioner of the office of temporary and disability assistance, on behalf of the office of temporary and disability assistance, which shall set forth the procedures for the department to collect child support and combined child and spousal support arrears.

2. Such agreement shall include:

(a) the criteria for determining cases subject to referral to the department for enforcement which shall not include cases for which payments are being received by the support collection unit as a result of an income execution issued pursuant to section five thousand two hundred forty-one of the civil practice law and rules, and shall not include cases in which the obligor has not accumulated support arrears equivalent to or greater than four months, but shall include cases which meet any of the following criteria:

(i) cases in which the obligor has accumulated support arrears equivalent to or greater than four months; or

(ii) cases with support arrears, notwithstanding the amount of such arrears, selected by the support collection unit for referral consistent with this section, in consultation with the department and the office of temporary and disability assistance;

(b) the procedures and criteria under which the office of temporary and disability assistance and the department shall identify cases to be referred to the department for enforcement;

(c) the procedure under which the office of temporary and disability assistance shall notify and update the commissioner of an obligor's liability for support

arrears;

(d) the procedures by which the department and the office of temporary and disability assistance shall coordinate their support enforcement activities;

(e) the procedures by which the department notifies the office of temporary and disability assistance of monies collected and remits such monies to the office of temporary and disability assistance or their fiscal agent for distribution to the appropriate support collection units;

(f) the procedure under which the commissioner shall be notified by the office of temporary and disability assistance that an obligor has satisfied his or her support arrears;

(g) the procedure under which the department and the office of temporary and disability assistance shall provide notification to the other or to the support collection unit of the office of temporary and disability assistance of any information with regard to an obligor's address, income, or employment, or identification of assets which may be subject to enforcement by such support collection unit or by the department;

(h) the procedure for the publicizing of sanctions for nonpayment of support, including enforcement of support arrears by the department; and

(i) such other matters as the parties to such agreement shall deem necessary to carry out the provisions of this section.

3. The office of temporary and disability assistance shall send a notice by first class mail to the last known address or such other place where a support obligor is likely to receive notice, no later than thirty days prior to the date the office of temporary and disability assistance notifies the commissioner of such obligor's liability for support arrears. Such notice shall provide:

(a) that such obligor can avoid notification by the office of temporary and disability assistance to the commissioner by fully satisfying the support arrears or by complying with such other requirements as is provided for in paragraph (d) of subdivision fifteen of section one hundred eleven-b of the social services law; and

(b) the address and telephone number of the support collection unit which such obligor may contact to request information or to arrange for payment of the support arrears.

4. Upon receipt of notification from the office of temporary and disability assistance of an obligor's eligibility for enforcement of support arrears by the department, the commissioner or his or her agent is authorized to initiate enforcement of such arrears. When such notification is made to the commissioner, the department shall be deemed to have obtained a judgment against such obligor for the full amount of the support arrears stated in such notice and any subsequent arrears which may become due. The department may enforce the judgment thereby obtained with like effect and in the same manner prescribed by this chapter for the collection of tax assessment eligible to be docketed under this chapter as a warrant, except that any payment made by the support obligor to the

department to satisfy support arrears shall be paid over by the department to the office of temporary and disability assistance or its fiscal agent for distribution to the appropriate support collection unit. Where the sum collected by the department exceeds the amount of the support arrears, and the support obligator also has a liability in respect of any tax, fee or other imposition imposed by or pursuant to the authority of this chapter or any other law if such tax, fee or other imposition is administered by the commissioner, the department may credit such excess against such liability.

5. (a) For purposes of the confidentiality provisions of this chapter, enforcement activities undertaken by the department pursuant to this section shall be considered to be court actions or proceedings under this chapter.

(b) Notwithstanding anything to the contrary contained in the confidentiality provisions of this chapter, the department may furnish the office of temporary and disability assistance or the support collection unit with the information described in paragraph (g) of subdivision two of this section regarding a support obligor whose case has been referred to the commissioner for enforcement pursuant to this section. The office of temporary and disability assistance or the support collection unit, as applicable, may redisclose such information only to the extent necessary to secure the collection of support arrears from such obligor.

6. Activities to enforce support arrears undertaken by the department pursuant to this section shall not in any way limit, restrict or impair the office of temporary and disability assistance from exercising its authority to enforce support arrears under applicable laws; provided, however, that the department and the office of temporary and disability assistance shall coordinate their support enforcement activities in a way designed to minimize duplication of effort and maximize collection of support arrears.

7. If, following referral of an obligor's case to the commissioner, such obligor commences an administrative or quasi-judicial proceeding or any civil proceeding against the department or the commissioner challenging such referral, then the office of temporary and disability assistance and the commissioner of the office of temporary and disability assistance shall be substituted as respondents or defendants in such proceeding, as the case may be. The department shall be bound by any decision in such proceeding which is no longer subject to administrative or quasi-judicial review. Neither the department nor the commissioner shall be liable for any damages sustained by reason of such referral.

8. Notwithstanding any provision of law to the contrary, a payment of support arrears made to the department pursuant to the provisions of this section shall be deemed to be a payment of such arrears to the office of temporary and disability assistance or its fiscal agent.

**Exhibit Z17:** Stamped Proof of Notice of Removal and Bankruptcy Filing (Bronx Family Court) Copies of stamped documents from Bronx Family Court confirming receipt of the Notice of Removal and Bankruptcy filings prior to their continued proceedings.

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

BRONX FAMILY COURT
RECEIVED

2025 JUL 29 P 3: 22

In the Matter of Enforcement Under:

File No.: 231538

Docket No.: F-05042-19

CSMS No.: PB25373B1

NOTICE TO STATE COURT OF REMOVAL

TO THE FAMILY COURT OF BRONX COUNTY AND TO ALL PARTIES:

PLEASE TAKE NOTICE that Petitioner Angelo Bonsignore has filed in the United States District Court for the Southern District of New York a Notice of Removal pursuant to 28 U.S.C. § 1443(1), removing all child support enforcement proceedings under the above-referenced file and docket numbers.

A copy of the Notice of Removal filed in federal court is attached hereto.

As a result of the filing of the Notice of Removal, this Court is divested of jurisdiction over this matter, except for the purpose of forwarding the record to the United States District Court.

Dated: *July 22nd 2025*

Respectfully submitted,

/s/ Angelo Bonsignore

Petitioner, Pro Se

PO BOX 442

Wells, NY 12190

646-552-8655

Angelo_Bonsignore@me.com

| Information to Identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Angelo D Bonsignore | | Social Security number or ITIN | 125–74–0316 |
| | First Name    Middle Name    Last Name | | EIN    – | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | | Social Security number or ITIN    _ _ . . | |
| | | | EIN    _ _ – . . | |
| United States Bankruptcy Court    Northern District of New York | | | | |
| Case number:  25–60209–6–pgr | | | Date case filed for chapter 7  3/19/25 | |

## Official Form 309A (For Individuals or Joint Debtors)

### Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline

10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Angelo D Bonsignore | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 127 Ranger Rd<br>Wells, NY 12190 | |
| 4. | Debtor's attorney<br>Name and address | Christiaan Van Niekerk<br>Law Office of Christiaan Van Niekerk PLL<br>146 Jay Street<br>Schenectady, NY 12305 | Contact phone 518–528–1375<br><br>Email  christiaan@mvnlaw.com |
| 5. | Bankruptcy trustee<br>Name and address | Randy J Schaal–Trustee<br>312 Broad St<br>Oneida, NY 13421 | Contact phone (315)363–6888<br><br>Email  randyjschaaltrustee@cnymail.com |

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline    page 1



57907043749014

Debtor **Angelo D Bonsignore**

Case number 25–60209–6–pgr



| | | | |
|---|---|---|---|
| 6. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov | Alexander Pirnie Federal Building<br>10 Broad Street, Room 230<br>Utica, NY 13501<br><br>Court Website: www.nynb.uscourts.gov | Hours open:<br>9:00 A.M. to 4:00 P.M.<br><br>Contact phone 315–793–8101<br><br>Date: 3/19/25 |
| 7. | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case both spouses must attend. Creditors may attend, but are not required to do so | April 16, 2025 at 02:00 PM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>**Zoom meeting. Go to Zoom.us/join, Enter Meeting ID 390 405 3662, and Passcode 3910834560, or call 1 (580) 206–9339**<br><br>For additional meeting information go to www.justice.gov/ust/moc |
| 8. | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances | The presumption of abuse does not arise. | |
| 9. | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9) | Filing deadline: 6/16/25 |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection | Filing deadline: 30 days after the conclusion of the meeting of creditors |
| 10. | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline

1413766    57907043749014

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANGELO DAVID BONSIGNORE,

Petitioner,

BRONX FAMILY COURT

2025 JUL 29  P 3: 22

v.                                    Case No. _____

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

ANTHONY LOPEZ, SUPPORT MAGISTRATE,

GAIL ROBERTS, SUPPORT MAGISTRATE,

PAUL RYNESKI, SUPPORT MAGISTRATE,

NYC DEPARTMENT OF SOCIAL SERVICES,

NEW YORK STATE OTDA,

CONDUENT INC.,

Respondents.

NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Southern District of New York

PLEASE TAKE NOTICE that Petitioner, Angelo David Bonsignore, hereby removes this action from the Family Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441, 1443, and 1446, based on violations of Petitioner's constitutional and statutory rights.

Petitioner respectfully affirms that he is not seeking to avoid his parental responsibilities, nor should this

removal action be construed as an attempt to abandon or evade his child. Petitioner made sustained and documented efforts to maintain a relationship with the minor child, including supervised visits at Safe Horizon. Visitation was only relinquished in court after persistent interference and retaliatory legal filings rendered continued contact legally untenable and emotionally harmful.

As grounds for this removal, Petitioner states the following:

This case arises under 28 U.S.C. § 1443(1) because Petitioner is being denied civil rights secured by federal law, including:

- Violation of the Due Process Clause of the Fourteenth Amendment

- Violation of the Equal Protection Clause of the Fourteenth Amendment

- Violation of the Fourth Amendment protection against unlawful seizure of property

- Violation of the Supremacy Clause via unlawful Title IV-D enforcement without federal authority

- Enforcement actions taken in violation of the automatic stay under 11 U.S.C. § 362 (bankruptcy protection)

- Civil rights deprivations actionable under 42 U.S.C. § 1983

- Use of a private entity (Conduent Inc.) acting under color of state law without lawful delegation

- Lack of judicial confirmation of child support orders under FCA § 439(e)

- Jurisdictional defects under UIFSA and UCCJEA, particularly due to the custodial parent's relocation to France

- Threats of incarceration without procedural safeguards as required by Turner v. Rogers, 564 U.S. 431 (2011)

1. The state court proceedings are being conducted under color of state law in a manner that deprives Petitioner of rights secured by the Constitution and laws of the United States, including:

- The Due Process Clause of the Fourteenth Amendment;

- The Supremacy Clause;

- The Fourth Amendment protection against unlawful seizure of property;

Rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1443;

- Enforcement conducted without judicial confirmation under FCA § 439(e);

- The use of a private corporation (Conduent Inc.) for state enforcement without lawful delegation or oversight.

2. Petitioner is a 1099 independent consultant and small business owner. He was never advised of his rights under Executive Order No. 13563, nor provided notice or a meaningful opportunity to be heard prior to enforcement actions.

3. A final order of support was entered on October 15, 2024, by a Support Magistrate without confirmation from a Family Court judge. This renders the order unenforceable under New York law (see Exhibit Z1).

4. Despite the lack of lawful confirmation, Respondents have undertaken enforcement measures that include:

- A judgment lien against Petitioner's home at 127 Ranger Rd, Wells, NY (Exhibit B);

- Intercepting state tax refunds (Exhibit Z4);

- Suspending Petitioner's driver's license (Exhibit Z9);

- Reporting arrears to credit bureaus;

- Threatening wage garnishment.

5. Custody issues were resolved by final court order on February 28, 2020 (Exhibit U). Petitioner withdrew visitation rights as part of an allocated agreement, and Respondent withdrew a family offense petition. Enforcement actions taken after this agreement are jurisdictionally improper under UISA and UCCJEA.

WHEREFORE, Petitioner respectfully removes this action to the U.S. District Court under 28 U.S.C. § 1443 and requests all proceedings in the Family Court of Bronx County be stayed and declared void for lack of jurisdiction and constitutional violations.

Respectfully submitted,

Angelo David Bonsignore

P.O. Box 442

Wells, NY 12190

Date: 7·28-25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ANGELO DAVID BONSIGNORE,**
Petitioner,

v.

**ANTHONY LOPEZ, SUPPORT MAGISTRATE;**
**GAIL ROBERTS, SUPPORT MAGISTRATE;**
**PAUL RYNESKI, SUPPORT MAGISTRATE;**
**NYC DEPARTMENT OF SOCIAL SERVICES;**
**NEW YORK STATE OTDA;**
**NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES;**
**NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE;**
**CONDUENT INC.,**
Respondents.

Case No. _1:25-CV-6324_

# CERTIFICATE OF SERVICE

I, Angelo David Bonsignore, hereby certify that on this ___ day of August 2025, I served a true
and correct copy of the **Supplemental Notice of State Action After Removal** by depositing it in
the United States Mail, first-class postage prepaid, addressed to the following parties:

1. **Bronx Family Court**
   900 Sheridan Avenue
   Bronx, NY 10451
2. **New York City Department of Social Services**
   150 Greenwich Street, 38th Floor
   New York, NY 10007
3. **Office of the New York State Attorney General**
   28 Liberty Street
   New York, NY 10005
4. **New York State Office of Temporary and Disability Assistance (OTDA)**
   40 North Pearl Street
   Albany, NY 12243
5. **New York State Department of Motor Vehicles**
   6 Empire State Plaza
   Albany, NY 12228
6. **New York State Department of Taxation and Finance**
   WA Harriman Campus
   Albany, NY 12227

7. **Conduent State & Local Solutions, Inc.**
   100 Campus Drive
   Florham Park, NJ 07932


Respectfully submitted,

**Angelo David Bonsignore, Pro Se**
P.O. Box 442
Wells, NY 12190
Email: Angelo_Bonsignore@me.com
Phone: 646-552-8655



CERTIFIED MAIL

7022 2410 0001 6400 2214



FIRST-CLASS

US POSTAGE AND PITNEY BOWES

ZIP 12190
02 7H
0001338556    $ 012.42⁰
AUG 06 2025

Gryb Bonayn
po Box 442
Wells, NY 12190

USM 4P
SDNY

RECEIVED
AUG 11 2025
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
AUG 12 25
PRO SE OFFICE

Pro Se

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York NY 10007