**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ANGELO DAVID BONSIGNORE,

                      Plaintiff,                **25 Civ. 6324 (VSB) (GS)**

           -against-                          **<u>ORDER</u>**

NEW YORK STATE DEPARTEMNT
OF TAXATION AND FINANCE, *et
al.,*

                    Defendants.
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On September 17, 2025, Plaintiff filed a Notice of Potential Judicial

Conflict. (Dkt. No. 13). The filing notes that, according to my publicly available

financial disclosures, I hold substantial personal investments in New York State

and New York City municipal securities. (*Id.* at 1). Plaintiff states that he

"does not move for recusal at this time" and submits the Notice "solely to ensure

transparency and to preserve the issue for the record should future proceedings

require appellate review." (*Id.*).

Despite the absence of a motion, the Court will address the issue of

recusal now that Plaintiff has raised it. *See Kaul v. Intercontinental Exch.*, No.

21 Civ. 6992 (JPO), 2025 WL 2636589, at *5 n.1 (S.D.N.Y. Sept. 12, 2025)

("Although [plaintiff] has not moved for my recusal, I have considered whether

recusal is warranted based on his assertion of a 'conflict.'"). The question

Plaintiff has raised should be answered, both for Plaintiff's own benefit and to ensure public confidence in the impartiality of this proceeding.[1]

Disqualification of federal judges is governed by 28 U.S.C. § 455.  Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'"  *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)).  "[R]ecusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'"  *Hayes v. ASCAP*, No. 24 Civ. 1883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)) (cleaned up).

Section 455(b), by contrast, "lists specific circumstances in which disqualification is required."  *In re Citigroup Sec. Litig.*, No. 20 Civ. 9132 (LAP), 2022 WL 2135496, at *1 (S.D.N.Y. May 5, 2022); *see also United States v.*

---

[1] In addition, litigants should not be permitted to inject an issue into a case without pursuing it in an attempt to keep it in their "'back pocket'" as a ground for appeal should the trial court proceedings not turn out to their liking.  *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 20 Civ. 4767 (MKV), 2023 WL 6122905, at *4 (S.D.N.Y. Sept. 18, 2023) (citation omitted); *Baker v. Conway*, No. 18 Civ. 478 (ER) (SDA), 2019 WL 13142849, at *12 (S.D.N.Y. Nov. 25, 2019), *R&R adopted,* 2022 WL 17616400 (S.D.N.Y. Dec. 13, 2022), *aff'd,* No. 23-46-PR, 2025 WL 995002 (2d Cir. Apr. 3, 2025); *see also In re I.B.M. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (cautioning against a party "holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters").

*Bayless*, 201 F.3d 116, 126 2d Cir. 2000) ("[Section 455(b)] addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed.").  As relevant here, Section 455(b) mandates disqualification where the judge

> (4) . . . knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. § 455(b)(4).

The statute defines the term "financial interest," in pertinent part, as follows:

> (4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that . . .
>
> > (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

28 U.S.C. § 455(d)(4)(iv).

Plaintiff does not appear to argue that I have an actual conflict triggering automatic disqualification under Section 455(b).  Nor could he.  As the statute makes clear, "a judge who owns government securities is deemed not to have a 'financial interest' in the issuer unless 'the outcome of the proceeding could substantially affect the value of the securities.'"  *Acierno v. Cloutier*, Civ. A. Nos. 92-385-SLR, 93-579-SLR, 1994 WL 827161, at *1 (D. Del. Dec. 2, 1994) (quoting

28 U.S.C. 455(d)(4)(iv). An advisory opinion issued by the Judicial Conference

of the United States' Committee on the Codes of Conduct likewise provides:

> Debt interests are not considered to give rise to a financial interest in
> the debtor that issued the debt security because the debt obligation
> does not convey an ownership interest in the issuer. Therefore,
> disqualification is not required solely because a party in the matter
> before the judge is a corporation or governmental entity that has
> issued a debt security owned by the judge. Under the Code [of Conduct
> for United States Judges], governmental securities are an exception to
> the definition of "financial interest": Canon 3C(3)(c)(iv) states that
> "ownership of government securities is a 'financial interest' in the
> issuer only if the outcome of the proceeding could substantially affect
> the value of the securities."

Advisory Opinion No. 101, Committee on Codes of Conduct, Judicial Conference

of the United States, http://www.uscourts.gov/rules-policies/judiciary-

policies/code-conduct/published-advisory-opinions.

Here, the securities in question—municipal securities, including bonds

issued by various New York State and New York City entities—are government

securities and, more specifically, debt interests. *See id.* (stating that debt

interests include, for example, "state or municipal bonds"). As set forth in

Plaintiff's pleading, Plaintiff's claims arise from a final order of support issued

by a Support Magistrate in Bronx Family Court and ongoing child support

enforcement proceedings against him. (Dkt. No. 1 at 1–7). In his prayer for

relief, Plaintiff requests that "all proceedings in the Family Court of Bronx

County be stayed and declared void for lack of jurisdiction and constitutional

violations." (*Id.* at 3). Given what this case is about, there can be no colorable

argument that its outcome could substantially affect the value of the New York
State and New York City securities that I own.

Plaintiff states that because his case "challenges enforcement practices of
New York State and City agencies whose revenue and fiscal systems are
intertwined with . . . municipal financing, a reasonable person could question
impartiality where a judicial officer maintains significant personal holdings in
those securities." (Dkt. No. 13 at 1). To the extent this constitutes an argument
for disqualification under Section 455(a), the argument lacks merit. Applying
the objective test for recusal under Section 455(a), I cannot conclude that a
reasonable person knowing all the facts would find any appearance of
impropriety or partiality based on my ownership of New York State and City
securities, given that the outcome of this case will not affect the value of those
securities. *See United States v. Watson*, No. 23 Cr. 82 (EK), 2024 WL 4827734,
at *4 (E.D.N.Y. Nov. 19, 2024) (noting that "the Supreme Court has made clear
that when Section 455 specifically limits a recusal obligation . . . the catchall
proscription on apparent partiality in Section 455(a) cannot be read to
contradict that limitation" (citing *Liteky v. United States*, 510 U.S. 540 (1994))).

Importantly, "where the standards governing disqualification are *not*
met, 'disqualification is not optional; rather, it is prohibited.'" *Sun v. Mo*, No. 24
Civ. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (emphasis in
original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)); *see also In re
Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is

as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").  As the standards for disqualification are not met here, the undersigned declines to recuse himself from this case.

**SO ORDERED.**

DATED:     New York, New York
             October 6, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge