**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
ANGELO DAVID BONSIGNORE,

                          Plaintiff,                    **25 Civ. 6324 (VSB) (GS)**

            -against-                       **<u>ORDER</u>**

NEW YORK STATE DEPARTEMNT
OF TAXATION AND FINANCE, *et*
*al.,*

                        Defendants.
--------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Defendant NYC Department of Social Services's

motion to dismiss (Dkt. No. 26) and Plaintiff's opposition thereto (Dkt. No. 29).

Before it can rule on the merits of that motion, the Court takes note that the

Notice of Removal and supporting materials in this action (Dkt. No. 1) are currently

filed under seal.  It appears to this Court that this filing, which essentially acts as a

Complaint and is central to Defendant's motion to dismiss, is a judicial document

entitled to a strong presumption of public access.  *See, e.g., Sabre Glob. Techs. Ltd.*

*v. Hawaiian Airlines*, No. 22 Civ. 7395 (VSB), 2023 WL 5348883, at *3 (S.D.N.Y.

Aug. 21, 2023); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,

814 F.3d 132, 140 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings,

is the cornerstone of every case, the very architecture of the lawsuit, and access to

the complaint is almost always necessary if the public is to understand a court's

decision." (internal citation omitted)).  In addition, however, many of the supporting

materials contain either entire Family Court orders and/or the full name of a minor

child.  (*See* Dkt. No. 1 at 23, 24, 48, 50, 65, 101, 107).  The latter category of

material should not be made publicly available at this time.  *See* Fed. R. Civ. P.

5.2(a); *see also Winkler v. Grant*, 370 F. App'x 145, 147 (2d Cir. 2010) (finding abuse

of discretion where district court ordered unsealing of "exhibits listing the

[plaintiff's] children's names in unredacted form" where the court "appear[ed] to

have overlooked those instances" in ruling on the sealing request).

By contrast, Family Court orders and filings do not necessarily require

sealing when later used in related actions.  *See, e.g.*, *LeClair v. Raymond*, No. 19

Civ. 28 (BKS), 2021 WL 2682286, at *25 (N.D.N.Y. June 30, 2021) (denying request

to seal "Family Court Orders . . . with the exception of references to Plaintiff's

children," as "the substance of these Orders does not jeopardize law enforcement

interests, or the privacy of innocent third parties" and the Orders were "already

redacted," which the Court found "more appropriate than allowing them to remain

under seal"), *aff'd on other grounds*, No. 22-309-CV, 2023 WL 6632949 (2d Cir. Oct.

12, 2023); *Kliot v. Marchionno*, No. 22 Civ. 597 (KMK) (AEK), 2023 WL 1979969, at

*1, *3 (S.D.N.Y. Jan. 25, 2023) (denying request to fully seal "documents from

[defendant's] divorce proceedings, including orders which had been issued in Family

Court related to custody and child support," as there was "nothing contained in

those documents that is so sensitive, embarrassing, or inflammatory as to overcome

the public's interest in the openness of judicial proceedings, and nothing that is

damaging to any of the parties to this action or to any minor child"); *see also*

*Mulqueen v. Coddington*, No. 22 Civ. 1301 (BKS), 2025 WL 2096986, at *14

2

(N.D.N.Y. July 25, 2025) (sealing Family Court documents which contained "sensitive, embarrassing, or otherwise inflammatory information that could jeopardize the privacy interests" of minor children or third parties and where redaction was "not practical").

Accordingly, as the party which initially sought to keep Docket No. 1 under seal, Plaintiff must explain to the Court (other than with respect to the full names of minor children) why the materials contained within this document should remain sealed, or whether they should be unsealed with appropriate redactions. *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 259 (S.D.N.Y. 2024) ("A party moving to place documents under seal bears the burden of showing that higher values overcome the presumption of public access." (internal quotations and citations omitted)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (setting forth general standards litigants in the Second Circuit must meet in seeking sealing or redaction of judicial documents).

Meanwhile, the Court also takes note that the unsealed and unredacted filings at Docket Numbers 6 and 10 contain the full name of a minor child. As noted above, this information should not be publicly available at this time.

Accordingly, the Clerk of Court is respectfully directed to place the filings at Docket Numbers 6 and 10 under seal at this time. Plaintiff shall inform the Court by no later than Friday, June 26, 2026, whether any of the other information in Docket Numbers 6 and 10 should be kept under seal or made public and, if so, on what basis. In addition, Plaintiff shall inform the Court by no later than Monday,

July 6, 2026, whether any of the information in the filing at Docket Number 1

should remain under seal and, if so, on what basis.

      **SO ORDERED.**

DATED:    New York, New York
          June 15, 2026

                                      _____
                                      The Honorable Gary Stein
                                      United States Magistrate Judge