UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANGELO DAVID BONSIGNORE,

                             Plaintiff,                    **25 Civ. 6324 (VSB) (GS)**

               -against-                        **ORDER**

NEW YORK STATE DEPARTEMNT
OF TAXATION AND FINANCE, *et*
*al.,*

                         Defendants.
-------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter on the sealing of Docket Number 1. (Dkt. No. 84). Plaintiff writes that he filed these materials under seal to prevent the public disclosure of the full name of a minor child and Plaintiff's social security number, driver's license identification number, and client identification number. The final category appears to refer to the "client number" attached to the Order of Suspension or Revocation of Plaintiff's driver's license.

Fed. R. Civ. P. 5.2 provides that the full name of a minor child should be redacted "[u]nless the court orders otherwise." Fed. R. Civ. P. 5.2(a). Consistent with prior orders in this action, this material should not be made publicly available. (Dkt. Nos. 67, 82). The same is true of Plaintiff's social security number, as any such filing should ordinarily be limited to "the last four digits of the social-security number and taxpayer-identification number." Fed. R. Civ. P. 5.2(a). The Court similarly approves of such redaction.

The remaining information requires greater scrutiny.

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted). As a result, motions to seal must be "carefully and skeptically review[ed]" in order to "insure that there really is an extraordinary circumstance or compelling need" to seal the document from public inspection. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

"The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches." *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, No. 23 Civ. 11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024). First, the court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119. Second, if the documents are judicial documents, the court must determine the weight of the presumption of access. *Id.* Third, the court must balance "competing considerations" against the weight of the presumption of access. *Id.* at 120.

First, the filing at Docket Number 1 is unquestionably a judicial document, as "[p]leadings are judicial documents for purposes of common-law and First

2

Amendment rights of access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).

Second, the presumption of public access to these materials is strong. *See Under Seal*, 273 F. Supp. 3d at 470 ("The weight of this presumption is heavy, for the documents are pleadings and motion-related filings that are essential to adjudication."); *see also Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016); *Cavender v. U.S. Merch. Marine Acad.*, No. 20 Civ. 2063 (PKC) (ST), 2020 WL 3304538, at *2 (E.D.N.Y. June 18, 2020).

Third, however, Plaintiff has sufficiently demonstrated that countervailing values justify sealing of the driver's license number and client identification number. This personal information is irrelevant to Plaintiff's allegations and the motion to dismiss (Dkt. No. 26). And courts have historically sealed similar information when irrelevant to the present posture of the case. *See, e.g.*, *Phalon v. Avantor Inc.*, No. 19 Civ. 852 (JCH), 2021 WL 4477404, at *8 (D. Conn. Sept. 30, 2021) (approving sealing of driver's license numbers).

Accordingly, the unredacted materials at Docket Number 1 will remain under seal, and Plaintiff is ordered to file an identical copy, with appropriate redactions to the information discussed herein, by no later than Friday, July 10, 2026.

**SO ORDERED.**

DATED:     New York, New York
           June 29, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

3