UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELO DAVID BONSIGNORE,<br><br>Plaintiff,<br><br>- against -<br><br>NEW YORK STATE DEP'T OF FINANCE, *et al.*,<br><br>Defendants. | 25-CV-6324 (VSB) (GS)<br><br>**OPINION & ORDER** |

Appearances:

Angelo David Bonsignore
Wells, NY
*Pro Se Plaintiff*

Jessica R Rubini
New York, NY
New York City Law Department
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Angelo David Bonsignore, ("Plaintiff" or "Bonsignore"), brings claims against Defendants New York State Department of Finance, ("Department of Finance"), New York State Department of Motor Vehicles, ("DMV"), New York Office of Temporary and Disability Accommodation, ("OTDA"), Support Magistrate Anthony Lopez, ("Lopez"), Support Magistrate Paul Ryneski, ("Ryneski"), Support Magistrate Gail Roberts, ("Roberts"), and the New York City Department of Social Services, (("DSS") and collectively "Defendants"). This Opinion & Order addresses Magistrate Judge Gary Stein's Report and Recommendation that proposes that I dismiss this case and deny leave to amend. (Doc. 91 ("Report" or "Rep.").) This

Opinion & Order also considers Bonsignore's objections to the Report, (Doc. 92 ("Objections" or "Objs")). For the reasons that follow, I hereby ADOPT the Report, and Bonsignore's objections are OVERRULED. The case is DISMISSED. Leave to amend is DENIED.

## I. <u>**Factual Background**</u>[1]

Bonsignore is involved in "ongoing child support enforcement proceedings" in "Bronx County Family Court ("Family Court")." (Compl. 4.)[2] On February 14, 2019, Irlene Dos Santos ("Dos Santos") initiated the Family Court proceedings against Bonsignore, "seeking to establish support for" Dos Santos's child and claiming that Bonsignore was the child's biological father. (*Id.* at 48.) On June 4, 2019, Plaintiff appeared for a hearing before Lopez, where he alleges that he "was never advised of [his] rights under Executive Order No. 13563, which protects independent consultants from administrative child support enforcement actions unless confirmed by proper judicial authority." (*Id.* at 5, 6 (internal citations omitted).) On February 28, 2020, a final order of custody was entered in favor of Dos Santos. (*Id.* at 5, 65–66, 68.)

Child support proceedings continued in Family Court for the next several years. (*See id.* at 48–51.) On October 15, 2024, a final order of support was issued by Lopez against Bonsignore. (*Id.*) Bonsignore asserts that the final order of support was executed "without confirmation by a Family Court Judge as required" under N.Y. Family Court Act § 439. (*Id.* at 5.) Therefore, Bonsignore claims that the order is "void and unenforceable." (*Id.*) Bonsignore also asserts that the order is unenforceable because Dos Santos moved to France in 2020, which

---

[1] This factual background is derived from the allegations in Plaintiff's complaint. (Doc. 1 ("Compl." or "Complaint").) I assume the allegations set forth in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order. Because the Complaint does not contain consecutive numbering, references to page numbers in the Complaint are to the page numbers given to the Complaint by the ECF system.

[2] The Complaint was initially filed under seal, but is now available publicly on the docket at Doc. 90.

"stripp[ed] New York of [] jurisdiction." (*Id.* at 11; *see also id.* at 6.)

Bonsignore filed objections to the final order of support on October 31, 2024.[3] (*Id.* at 18, 28–42.) Bonsignore failed to pay the full amounts due under the final order, (*id.* at 209–10), and therefore the state has taken "enforcement actions" against him, including a "judgment lien," a driver's license suspension, and threats of wage garnishment, among other things, (*id.* at 3). Plaintiff "filed for Chapter 7 Bankruptcy" on March 7, 2025. (*Id.* at 5; *see also In re Angelo D. Bonsignore*, No. 25-60209-6 (N.D.N.Y.).) On July 29, 2025, the Family Court entered a money judgment against Bonsignore, which was filed on the docket as a supplemental filing. (Doc. 6.) Bonsignore has continued to file subsequent enforcement actions on the docket as "supplemental notice[s]." (*See, e.g.*, Docs. 10, 75, 76.)

Plaintiff alleges that the course of conduct in the Family Court violated his Due Process rights, Fourth Amendment rights, and Equal Protection rights, among other deprivations, and that gives rise to causes of action under 42 U.S.C. § 1983. (Compl. 2.) He also claims to be removing his Family Court case to federal court under 28 U.S.C. § 1443(1), (*id.*), but he brings suit against more individuals and entities than those party to the state court action and he does not bring claims against Dos Santos, the counterparty to the Family Court action, (*id.* at 1). Plaintiff "requests all proceedings in the Family Court of Bronx County be stayed and declared void for lack of jurisdiction and constitutional violations," (*id.* at 3), and asks me to "enjoin and review unconstitutional enforcement actions, including license suspensions, liens, and administrations collections undertaken without lawful judicial confirmation," (*id.* at 9).

[3] "Bonsignore does not allege how the Family Court handled these subsequent objections, nor describe any appeal of Support Magistrate Lopez's order." (Rep. 6.)

## II. Procedural History

Plaintiff filed this action on July 29, 2025. (Doc. 1.) On September 16, 2025, I referred this case to Magistrate Judge Gary Stein for general pretrial supervision. (Doc. 12.) On September 17, 2025, Bonsignore filed a "notice of potential judicial conflict" as to Magistrate Judge Stein because of his personal investments. (Doc. 13.) On October 6, 2025, Magistrate Judge Stein declined to recuse himself as the standards for disqualification were not met. (Doc. 18.) Between September 21, 2025 and October 12, 2025, Plaintiff filed at least ten supplemental "notice[s]" and "declaration[s]" relating to ongoing enforcement proceedings against him in state court. (Docs. 14–17, 19–25.)

On October 20, 2025, DSS filed a motion to dismiss for lack of jurisdiction. (Doc. 26.) On October 29, 2025, Plaintiff filed a memorandum of law in opposition to the motion. (Doc. 29.) On November 5, 2025, the Department of Finance, DMV, OTDA, Lopez, Ryneski, and Roberts filed a notice of improper removal as to Bonsignore's case. (Doc. 30.) On November 11, 2025, Plaintiff filed a response to this letter. (Doc. 33.) Plaintiff also filed eleven documents titled "notice of newly discovered evidence after removal" or "notice of supplemental evidence," between November 12, 2025 and December 2, 2025. (Docs. 34–43, 45.) Plaintiff continued to file additional "notice[s]" between December 9, 2025 and December 18, 2025. (Docs. 50–63.) On December 29, 2025, Magistrate Judge Stein issued a warning to Plaintiff that he must cease such filings or else risk sanctions. (Doc. 64.)

On February 17, 2026, Plaintiff filed a "motion to clarify jurisdiction and state enforcement," (Doc. 65), followed by three motions to compel later in February, (Docs. 69–71), a motion for a remand on March 3, 2026, (Doc. 72), and motions for constitutional review of the enforcement of the state court judgement against him on March 6, 2026, (Docs. 75–76). Non-

party Dos Santos then filed two motions to intervene on March 27, 2026 and March 30, 2026. (Docs 77–78.) Plaintiff filed an opposition to Dos Santos's motion to intervene, (Doc. 79), and Dos Santos filed a reply, (Doc. 80).

On April 30, 2026, I amended my referral to Magistrate Judge Stein, (Doc. 81), to include the request that Magistrate Judge Stein issue a report and recommendation on DSS's motion to dismiss, (Doc. 26). On June 23, 2026, I issued a second amended order of reference related to the remand motion, (Doc. 30), to Magistrate Judge Stein as well. (Doc. 83.) On July 21, 2026, Magistrate Judge Stein issued the Report suggesting that I dismiss all claims raised by Plaintiff against all Defendants without granting leave to amend. (Rep.)[4] On August 3, 2026, Bonsignore filed his objections. (Objs.)[5] Defendants filed an opposition to the Objections on August 17, 2026. (Doc. 93.) On September 3, 2026, Plaintiff requested leave to file a reply and/or supplemental objections based on "newly obtained state-court records," and these filings were docketed on September 8, 2026 and September 9, 2026. (Docs. 94–96.)

## III. <u>Legal Standard</u>

After a magistrate judge issues a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Trs. of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Cite C Corp.*, No. 17-CV-9304, 2019 WL 1745743, at *1

[4] With regard to the remand motion, Magistrate Judge Stein said: "The Court has no occasion to decide the State Defendants' remand request because . . . it has construed Plaintiff's pleading as a Complaint rather than as a Notice of Removal." (Rep. 30.)

[5] Because the Objections do not contain consecutive numbering, references to page numbers in the Objections are to the page numbers given to the Objections by the ECF system.

(S.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted). Where specific objections are made, the court is obligated to review the contested issues de novo. *See* Fed. R. Civ. P. 72(b)(3). However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error. *Jones v. Smith*, No. 09-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). "Moreover, parties may not raise new arguments for the first time in objections to a report and recommendation." *Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 120 (S.D.N.Y. 2023). Even when exercising de novo review, a "district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

Pro se complaints are afforded "special solicitude" and must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). However, a pro se litigant is still "obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006). Accordingly, "where a pro se party's objections to a report and recommendation are 'conclusory or general,' or where a plaintiff 'simply reiterates his original arguments,' the report should be reviewed only for clear error." *DeGrate v. Broad. Music, Inc.*, No. 12-CV-1700, 2013 WL 639146, at *2 (S.D.N.Y. Feb. 20, 2013) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)).

## IV. **Discussion**

Magistrate Judge Stein issued the well-reasoned thirty-three-page Report recommending that I dismiss this suit against all Defendants and deny leave to amend since I lack jurisdiction to rule on this matter due to the domestic relations abstention doctrine, (*id.* at 14–23), and, in the alternative, under the *Rooker-Feldman* doctrine, (*id.* at 23–29). Because the *Rooker-Feldman* doctrine and the domestic relations abstention doctrine are jurisdictional bars, Magistrate Judge Stein recommends dismissing this case sua sponte against all Defendants, including the five non-moving defendants who were not served and have not officially appeared in this action. (*Id.* at 29–31.)[6] Further, because the defects in the Complaint are jurisdictional and any amendment would be futile, Magistrate Judge Stein recommends dismissing this case and denying leave to amend. (*Id.* at 31–33.) I agree with Magistrate Judge Stein and find Bonsignore's objections unavailing for the reasons that follow. The Report is ADOPTED, Bonsignore's objections are OVERRULED, and the Complaint is dismissed. Leave to amend is denied.

### A. ***Objections***

Plaintiff makes five separate objections in his filing. (Objs. 1–17.) I address each in turn below.

[6] Plaintiff did not specifically object to the conclusion that the domestic relations abstention doctrine and the *Rooker-Feldman* doctrine apply to the Non-Moving Defendants as well as the Moving Defendants, so I review Magistrate Judge Stein's findings with regard to this issue only for clear error. *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (alterations adopted and internal quotation marks omitted)). I am satisfied that there is no clear error with regard to Judge Stein's finding that these doctrines apply equally to the non-moving defendants. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019) (affirming district court's dismissal of pro se complaint sua sponte on domestic relations abstention grounds); *Koziel v. City Ct. of Yonkers*, 351 F. App'x 470, 471 (2d Cir. 2009) (summary order) (same for *Rooker-Feldman*).

### 1. First Objection

First, Plaintiff claims that Magistrate Judge Stein erred in concluding that Bonsignore "failed to continue pursuing available review because the original pro se filing did not describe what occurred after [Bonsignore's] objections were filed." (Objs. 2–6.) To correct this purported oversight, Bonsignore's objections attach fourteen "exhibits," which he claims "supply the omitted procedural history" and "demonstrate that Plaintiff continued invoking available Family Court procedures through additional filings, correspondence, and later efforts to determine the status of the pending objections." (*Id.* at 2.) These "exhibits" include: a written request for a hearing from Bonsignore in Family Court submitted on September 25, 2024, (*id.* at 21), a September 30, 2024 order denying Bonsignore's motion to dismiss in Family Court, (*id.* at 22), objections submitted by Bonsignore in Family Court dated October 9, 2024, (*id.* at 23), objections submitted by Bonsignore in Family Court dated October 31, 2024, (*id.* at 24), objections submitted by Bonsignore to a Chief Administrative Judge Lawrence K. Marks in the New York Unified Court System dated November 12, 2024, (*id.* at 25–27), a November 24, 2024 filing in Family Court made by Bonsignore, (*id.* at 28), a January 6, 2025 filing in Family Court made by Bonsignore, (*id.* at 29–30), and several Freedom of Information Law ("FOIL") requests submitted by Bonsignore, with the first of these being submitted by Plaintiff on December 15, 2025, and responses relating to these FOIL requests, which constitute the remaining seven "exhibits," (*id.* at 31–76). Although Bonsignore provides no citations to the Report in the Objections, this objection appears to relate to Magistrate Judge Stein's conclusion that "Bonsignore fails to adequately allege that his claims could not be adjudicated by the established state court process," and thus "the domestic relations doctrine applies." (Rep. 22–23.)

The domestic relations exception divests federal courts of jurisdiction "to issue divorce,

alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976) (per curiam)). A request to modify a child support order fits into this category. *See Lions v. NYS Off. of Child Support Enf't*, No. 24-CV-7181, 2025 WL 81421, at *6 (S.D.N.Y. Jan. 10, 2025) ("Plaintiff's challenge to the amount of his child support obligations falls squarely within the domestic relations doctrine."); *Simmons v. NYS Dep't of Soc. Servs.*, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("[E]ven if Rooker-Feldman did not bar [p]laintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing.").

Neither citing the fact that the above-referenced exhibits were filed and submitted nor their contents make plausible allegations that there was an "obstacle to the[] full and fair determination" of the custody adjudication in Family Court. It is well established that "conclusory statements accusing the state court of violating the Constitution without more do not establish an obstacle to a full and fair determination." *Evans v. Adams*, 714 F. Supp. 3d 119, 125 (E.D.N.Y. 2024); *Chapman v. Maycock*, No. 21-CV-4940, 2021 WL 6091749, at *4 (E.D.N.Y. Dec. 23, 2021) ("Plaintiff's conclusory statements alleging family court's disregard of the Constitution, or joint activity or conspiracy between Defendant and family court referees, without more, are not sufficient to show that his claims are not capable of being resolved fairly in state court," nor does "an additional 72-page document related to [Plaintiff's] family court matters" change the calculus (internal citations omitted)); *Gerken v. Gordon*, No. 24-CV-00435,

2024 WL 4608307, at *6 (N.D.N.Y. Oct. 29, 2024) (similar), *report and recommendation adopted*, 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024), *aff'd*, 2025 WL 2847429 (2d Cir. Oct. 8, 2025).

Here, a handful of cherry-picked objections proffered by Plaintiff in the months following the final child support order and the results of Plaintiff's FOIL inquiries do not indicate that Plaintiff may no longer "avail himself of the state court," which has "greater familiarity" with this case and already has "invested substantial judicial resources" in it. *Evans*, 714 F. Supp. 3d at 125 (quoting *Reeves v. Reeves*, No. 22-CV-2544, 2022 WL 1125267, at *1 (S.D.N.Y. Apr. 14, 2022)). Even where Plaintiff alleges "that the state court proceedings have been biased and have violated [his] rights in any number of ways," this is not enough to show that Bonsignore "will be unable to obtain a full and fair determination of [his] claims." *Pynn v. Pynn*, No. 24-CV-508, 2024 WL 3647783, at *8 (W.D.N.Y. Aug. 5, 2024) (internal quotation marks omitted), *appeal dismissed*, 2026 WL 1207988 (2d Cir. Mar. 25, 2026).

Thus, Bonsignore's first objection fails and is OVERRULED.

**2. Second Objection**

Next, Plaintiff argues that because the "Family Court record was sealed," this "creates an evidentiary gap," and thus he "objects to any inference that" "he failed to continue pursuing available judicial review." (Objs 6–7.) This argument also fails for many of the same reasons outlined *supra* § IV.A.1. The operative question is not whether Plaintiff "failed to continue pursuing available judicial review," (*but see* Objs. 7), such that he could be deemed to have waived or abandoned the relief he sought in state court, but rather whether the federal court is an appropriate venue for these claims that are undeniably matrimonial or "on the verge of being matrimonial in nature," *see Am. Airlines*, 905 F.2d at 14 (internal quotation marks omitted).

Here, Plaintiff's objection could only succeed if, in contrast to the "inference" that he admonishes against, (*but see* Objs. 7 ("Plaintiff objects to any inference that the absence of information in a sealed record demonstrates that he failed to continue pursuing available judicial review")), I instead imposed an "inference" in his favor, effectively presuming that because the Family Court record was sealed that he, *ipso facto*, must not have received a full and fair determination of his case in state court. Plaintiff cites no caselaw in support of such a sweeping proposition, i.e., that I should find the domestic relations doctrine inapposite merely because the underlying Family Court record was sealed. Thus Bonsignore's reference to the sealed nature of the record in the underlying child support proceeding, without more, cannot override the conclusion that "[t]hese claims 'begin and end in a domestic dispute,' which the state Family Court is 'better suited' to adjudicate," than a federal court. *Garanin v. Murgolo*, No. 25-CV-1959, 2026 WL 2098841, at *7 (E.D.N.Y. July 21, 2026) (quoting *Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892, at *39 (2d Cir. May 24, 2021) (summary order)).

Accordingly, Plaintiff's second objection is OVERRULED.

### 3. Fourth Objection

Turning now to Plaintiff's Fourth Objection, Plaintiff claims that Magistrate Judge Stein incorrectly found that *Rooker-Feldman* barred his suit, arguing that his claims "consistently distinguished between any challenge to the validity of the support order and his challenges to the manner in which Defendants implemented administrative enforcement measures," which was ignored by Magistrate Judge Stein. (Objs. 10; *see also id.* at 8–12.)[7] Plaintiff is wrong.

[7] Plaintiff continues to refer to his initial filing as a "Notice of Removal" but does not cite any additional legal support for how he could attempt to remove a state Family Court proceeding into this venue, nor why, if the Complaint is to be construed as a "removal," the parties against whom this suit has been filed are entirely different from those in the underlying family court proceeding. Thus, I join Magistrate Judge Stein, in light of my duty to impute to pro se filings "the strongest arguments that they suggest," in treating the operative pleading as a complaint. *See Triestman*, 470 F.3d at 477.

The Second Circuit has held that there are four predicates for the *Rooker-Feldman* doctrine to apply and warrant abstention: "(1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'" *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted), *abrogated on other grounds by T.M. v. Univ. of Maryland Medical Sys. Corp.*, No. 25-197, 2026 WL 1751823 (June 18, 2026)). Plaintiff's Fourth Objection goes to the second prong. (Objs. 9 ("Plaintiff seeks review only of whether particular agencies and actors employed constitutionally adequate procedures when imposing particular enforcement measures.").)

Plaintiff argues that his "claims concerning the manner in which state agencies and a private contractor allegedly enforced the order should be analyzed separately from any allegations concerning the validity of the support order itself." (Objs. 11.) However, to the extent that Plaintiff claims to have been "injured" by these enforcement actions, these injuries were "necessarily caused" by the judgment itself. *See Hoblock,* 422 F.3d at 88 (when "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it," it is precluded by *Rooker-Feldman*).

The only case cited by Plaintiff to support his position in the Objections is *Sykes v. Bank of Am.*, where the Second Circuit indicated that it was permissible for an individual to challenge "Defendants' levying against his [Supplemental Security Income ('SSI')] assets in his bank account in order to enforce the child support order," because "SSI payments are a form of public

assistance unrelated to the recipient's earnings or employment [and] are not subject to legal process under § 659(a)." 723 F.3d 399, 404–05 (2d Cir. 2013). Here, Plaintiff presents no comparable specific non-conclusory legal challenge to the enforcement of the child support order against him. To be sure, he complains of "liens, license restrictions, tax-refund interceptions, income withholding, and other collection measures," but Bonsignore has no concrete assertions concerning how those mechanisms were illicit beyond claiming in a conclusory fashion a lack of "adequate notice, judicial confirmation, or an opportunity to be heard." (Objs. 9.)

Furthermore, the stray reference in the Objections to "judicial confirmation" belies the fact that Bonsignore's true grievance, as it was previously, is with the alleged failure of "judicial confirmation" of the final order from Magistrate Lopez. (*See* Compl. 5.) Indeed, the face of the Complaint indicates no lack of notice or opportunity to be heard beyond the lack of "judicial confirmation or lawful authority," which resulted in "seizure" "without due process." (*Id.*) Plaintiff specifically acknowledged in his Complaint that the reason that he claims the enforcement procedures were inadequate is because a deficiency in the state court hearing "compromised every subsequent enforcement action." (*Id.* at 6.) Plaintiff may not now in his objections "recast[] his claims as alleging constitutional violations resulting from the enforcement of the support order," when the Complaint makes clear that the challenge goes to the heart of the state court proceeding. *Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015); *see also Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 120 (S.D.N.Y. 2023) ("[P]arties may not raise new arguments for the first time in objections to a report and recommendation.").

Where "Plaintiff's submissions are riddled with complaints of injuries caused by the state court judgment," even when he professes that "his claims should not be interpreted as an effort to

argue on consider the merits or procedures of the Family Court Petition," *Rooker-Feldman* still applies. *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 451–52 (E.D.N.Y. 2024), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *and aff'd*, 125 F.4th 397 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 119 (2025). "Even where a plaintiff argues that his constitutional rights were violated with respect to the state court proceedings regarding a child support order, the *Rooker-Feldman* doctrine applies." *John of the Fam. Springer v. Stack*, No. 24-CV-6672, 2025 WL 1115022, at *3 (S.D.N.Y. Apr. 14, 2025); *see also Remy v. New York State Dep't of Tax. and Finance*, 507 Fed. App'x 16, 18 (2d Cir. 2013) (summary order) (similar).

Based on the foregoing, I conclude that the relief that Plaintiff seeks is "inextricably intertwined" with the Family Court proceeding challenged in the Complaint and that jurisdiction is thus barred by *Rooker-Feldman*. Plaintiff's Fourth Objection is OVERRULED.

#### 4. Fifth Objection

Plaintiff's Fifth Objection fares no better. (Objs. 12–18.) Indeed, Plaintiff's Fifth Objection does little more than rehash the same failed argument from Plaintiff's Fourth Objection, namely "challenging the constitutionality of the enforcement process rather than seeking federal appellate review of the Family Court's determination." (*Id.* at 13.) Plaintiff's argument that enforcement was taken "without constitutionally adequate notice or an opportunity to be heard," (*id.* at 13), while, at the same time, failing to indicate any specific manner in which he was denied notice or an opportunity to be heard beyond speculating about "questions concern[ing] implementation," (*id.* at 14), does not come close to the requisite pleading standard. The Second Circuit has made clear that "mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Artista Records LLC v. Doe 3*, 604

F.3d 110, 120 (2d Cir. 2010) (alterations adopted and internal quotation marks and emphasis omitted).

In his Objections, Bonsignore cites two Supreme Court cases from the 1970s which establish that certain procedural due process protections adhere to particular property rights. (Objs. 14 (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Bell v. Burson*, 402 U.S. 535 (1971).) However, those cases presented circumstances quite unlike the fact pattern presented here. *Bell* concerned constitutionality of a state statutory scheme that caused drivers' licenses to be suspended before providing individuals with a hearing on fault or liability. 402 U.S. at 536–37. *Fuentes* also dealt with "[t]he right to a prior hearing" attaching "to the deprivation of an interest encompassed within the Fourteenth Amendment's protection." 407 U.S. at 84. Here, in contrast, it is undisputed that Plaintiff did have a hearing prior to the deprivation of which he complains. (*Compare* Compl. at 6 ("On June 4, 2019, I appeared for my first hearing before Support Magistrate Anthony Lopez"), *with id.* at 5 ("On February 28, 2020, Judge Ariel Chesler issued a final custody order").) The quotidian proposition that notice and an opportunity to be heard must accompany a deprivation of a protected property right does nothing to dissuade me from the inexorable conclusion that the injury complained of here is sufficiently intertwined with the Family Court proceeding for the *Rooker-Feldman* jurisdictional bar to apply here.

Plaintiff also cites several documents he received from FOIL requests, which he claims support his position that the injury he complains of was caused by "allegedly independent administrative decisions concerning the manner in which the order was enforced." (Objs. 14–15.) Rather than use the documents he received in response to his FOIL requests, Plaintiff uses the documents purportedly missing from those requests to suggest that he failed to obtain notice of the enforcement actions taken against him as a result of the child support determination. (*Id.*

at 14 ("The Department further certified that it had no other responsive documents," which supports claims regarding "whether constitutionally adequate notice" of enforcement "can be documented.").) However, courts in this Circuit routinely dismiss such attempts to refashion grievances with the manner of collecting on child support payments as challenges to the enforcement mechanisms themselves. *See Ganiyu v. Lopez*, No. 19-CV-11605, 2020 WL 1467356, at *3 (S.D.N.Y. Mar. 25, 2020) ("Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." (collecting cases)).

In this regard, *Fernandez v. Turetsky* is instructive. No. 12-CV-4092, 2014 WL 5823116 (E.D.N.Y. Nov. 5, 2014), *aff'd*, 645 F. App'x 103 (2d Cir. 2016) (summary order). In *Fernandez* the plaintiff alleged due process violations by a coterie of family court officials and enforcement agencies following collection efforts on his child support arrears. *Id.* at *1 ("Plaintiff alleges that his vehicles and funds were seized, wages garnished, and tax refunds intercepted in order to collect child support arrears.") Plaintiff in *Fernandez* was not permitted to "recast[] his claims as alleging improper enforcement of the child support [] decree" even though he had alleged due process violations relating to the enforcement because the enforcement of the decree was "inextricably intertwined with the validity of the decree," and thus suit was barred under *Rooker-Feldman*. *Id.* at *3–4; *see also Sorenson v. Suffolk Cnty. Child Support Enf't Bureau*, No. 07-CV-03755, 209 WL 580426, at *7 (E.D.N.Y. Mar. 5, 2009) (similar) (Bianco, J.).

For these reasons and those detailed in my discussion of Plaintiff's Fourth Objection, *see supra* § IV.A.3, Plaintiff's objections to the imposition of the *Rooker-Feldman* jurisdictional bar are OVERRULED.

**5. Third Objection – Leave to Amend**

Finally, Bonsignore seeks leave to amend his Complaint in his Third Objection and again at the end of his submission. (Objs 7–8, 16–17.) Although "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), "if the proposed amendment would still not state a claim, so that the amendment would be futile," then leave to amend need not be granted, *Medina v. Tremor Video, Inc.*, 640 F. App'x 45, 47 (2d Cir. 2016) (summary order).

Here, I agree with Magistrate Judge Stein that any attempt to amend the Complaint would be futile and that all claims should be dismissed without granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to replead when deficiency with "causes of action is substantive; better pleading will not cure it"). This is because two separate jurisdictional bars exist that act as insurmountable obstacles to Plaintiff's claims: the domestic relations abstention doctrine, (*see* Rep. 14–23), and the *Rooker-Feldman* doctrine, (*see* Rep. 23–29).

With regard to the domestic relations abstention doctrine, Plaintiff "requests leave to amend" based on "additional factual allegations" relating to the underlying Family Court proceedings. (Objs. 7–8.) Here he claims, in essence, that an amended pleading will center new allegations about the procedural history of the Family Court matter. At the same time, he argues that he should be granted leave to "permit amendment of any independently alleged administrative-enforcement claims." (*Id.* at 16–17.) In other words, on the one hand, in order to avoid the strictures of the domestic relations doctrine, Plaintiff claims his amended pleading would focus on the underlying Family Court proceeding. (*Id.* at 7–8.) On the other hand, in order to evade the *Rooker-Feldman* doctrine, Plaintiff asserts that any amended pleading would

be focused not on the underlying Family Court proceeding, but rather on the subsequent enforcement of the order against him. (*Id.* at 16–17.) Thus, Plaintiff's request for leave to amend is contradictory and demonstrates the impossibility of pleading his claims in a manner that steers clear of the double bind of *Rooker-Feldman* and the domestic relations doctrine. *See Sorenson*, No. 07-CV-03755, 2009 WL 580426, at *8 (denying leave to amend when domestic relations abstentions doctrine and *Rooker-Feldman* barred claims and complaint contained only "vague and conclusory allegations.").

Where I "lack[] subject matter jurisdiction over [p]laintiff's claims" because of *Rooker-Feldman* and the domestic relations abstention doctrine "and the [allegations] suffer from other non-curable defects," it is appropriate to grant a motion to dismiss even a *pro se* complaint without granting leave to amend. *Muchita v. Stack*, No. 25-CV-00285, 2026 WL 884775, at *7 (S.D.N.Y. Jan. 23, 2026), *report and recommendation adopted sub nom.*, 2026 WL 881271 (S.D.N.Y. Mar. 31, 2026); *see also Wing v. NYC Fire Dep't Pension Fund*, No. 24-CV-5770, 2026 WL 482612, at *3 (E.D.N.Y. Feb. 20, 2026) ("Because the domestic-relations abstention doctrine precludes this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile.").

In this instance, I find that the domestic relations doctrine alone would provide more than compelling grounds for finding amendment would be futile. Even assuming *arguendo* that Bonsignore is able to raise some cognizable claim relating to enforcement activities separate and apart from the underlying Family Court proceedings, the domestic relations doctrine serves to preclude cases like the one at bar from being tried in federal court. *See supra* § IV.A.1–2. "Because the domestic relations abstention doctrine precludes [my] exercise of jurisdiction, any attempt to amend the Complaint would be futile." *Bent v. NYC Off. of Child Support Servs.*, No.

25-CV-05364, 2025 WL 2938678, at *4 (E.D.N.Y. Oct. 15, 2025); *see also Deem*, 941 F.3d at 625 (affirming dismissal of complaint on domestic relations abstention grounds contemplating challenge to child custody arrangement)).

Plaintiff's Third Objection and request for leave to amend are hereby OVERRULED and DENIED.

**B. *Motion for Leave to File a Reply***

On September 3, 2026, Plaintiff filed three additional documents, which were docketed on September 8, 2026 and September 9, 2026. (Docs. 94–96.) The first of these documents was titled "Letter Motion for Leave to File Limited Reply," (Doc. 94 (cleaned up)), the second was titled "Supplemental Letter in Further Support of Plaintiff's September 3, 2023 Emergency Request," (Doc. 95 (cleaned up)), and the third was titled "Plaintiff's Emergency Request for Leave to Supplement Objections to the Report and Recommendation," (Doc. 96 (cleaned up)).

As an initial matter, I note that Plaintiff's superfluous filings could be construed to run afoul of Judge Stein's previous order warning Plaintiff "to cease the filing of such materials as stand-alone notices" or risk sanctions, as courts should not "'excuse frivolous or vexatious filings by pro se litigants.'" (Doc. 64 at 1 (quoting *Pahuja v. Am. Univ. of Antigua*, No. 11-CV-4607, 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) (quoting *Iwachiw v. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (S.D.N.Y. 2005))).) Furthermore, the request for leave to file additional objections or a reply in support of Plaintiff's objections was entered more than six weeks after the Report was filed. Magistrate Judge Stein clearly provided in his Report and Recommendation, issued on July 21, 2026, that any objections must be filed within "fourteen days." (Rep. 33.) "When a party fails to object timely to a magistrate's recommended decision,

it waives any right to further judicial review of that decision." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) (internal quotation marks omitted).

Courts in this Circuit routinely decline to consider objections filed more than six weeks late, like Plaintiff's belated motion. *See e.g.*, *Myers v. Groden,* No. 19-CV-0325, 2020 WL 3790341, at *1 n.1 (N.D.N.Y. July 7, 2020) (declining to consider supplemental objections "submitted more than six weeks past the deadline"); *Lithgow v. Keyser*, No. 21-CV-998, 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) (declining to consider objections filed "25 days after" the relevant deadline); *Thomas v. P.C.F. Props. in TX, LLC*, No. 26-CV-868, 2026 WL 1974047, at *1 (S.D.N.Y. July 8, 2026) ("Plaintiff's objections are untimely" when submitted twelve days late); *Humphreys v. NYC Health & Hosps. Corp.*, No. 16-CV-9707, 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023) (finding "untimeliness alone is grounds to dismiss the Objection" when submitted one day after extended deadline expired).

Moreover, Plaintiff asserts that "newly discovered evidence," which was not tendered when Plaintiff submitted objections to the Report and Recommendation, supports the consideration of further briefing. (Doc. 96.) However, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08-CV-3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases). This is because if I were to "consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Abu–Nassar v. Elders Futures, Inc.*, No. 88-CV-7906, 1994 WL 445638, at *1 n. 2 (S.D.N.Y. Mar. 18, 1994). I see no reason to deviate from the general practice of courts in this District.

In any event, as I have explained, *see supra* § IV.A.5, the domestic relations abstention doctrine and the *Rooker-Feldman* doctrine act as insurmountable obstacles to Plaintiff's suit in federal court and there is nothing in the forty-plus pages of supplemental filings submitted on September 3, 2026 that dissuades me from this conclusion. Plaintiff, in his supplemental filings, continues to fixate on whether the final order of support was signed by the appropriate official, (*see* Doc. 94 at 9, ("[T]he present record does not identify a ruling by a Family Court Judge."), 10 ("Nothing in these excerpts reflects adjudication by a Family Court Judge.")), which belies the collateral nature of his challenge to the underlying family court decision and buttresses my conclusion that the relief sought is barred by *Rooker-Feldman*, *see supra* § IV.A.3–4. Additionally, even were I to find that there is some cognizable challenge to an administrative enforcement action discernable from the face of the complaint, (and I make no such findings), Plaintiff's claims are still categorically precluded by the domestic relations doctrine and nowhere in his supplemental briefing does he make any showing that his suit falls outside of the bounds of that jurisdictional bar. (*But see* Docs. 94–96.)

Plaintiff's motion for leave to file a reply or supplemental objections is DENIED.

## V. <u>Conclusion</u>

I ADOPT Magistrate Judge Stein's Report and Recommendation in full. Thus, DSS's motion to dismiss is GRANTED. Leave to amend is DENIED. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (internal quotation marks omitted)). This Complaint is dismissed against all remaining defendants as I lack jurisdiction under the *Rooker-Feldman* doctrine and the domestic abstentions relation doctrine.

The Clerk of Court is respectfully directed to terminate this case and close all pending motions. I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 11, 2026
New York, New York

Vernon S. Broderick
United States District Judge